# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMAR COVEL, et al., | ) | CASE NO. 5:19-cv-2030 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| PNC BANK N.A., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to remand filed by plaintiffs Samar Covel and Jason Covel ("plaintiffs"). (Doc. No. 5 ["Mot."].) Defendants PNC Bank N.A. and Cory Williams filed a response in opposition. (Doc. No. 6 ["Opp'n"].) No reply was filed. For the reasons set forth herein, the motion to remand is granted.

## I. BACKGROUND

Plaintiffs filed their original action in the Summit County Court of Common Pleas on March 3, 2019, naming five defendants: PNC Bank, N.A. ("PNC"), Cory Williams ("Williams") (together, "defendants"), United States Department of Housing and Urban Development ("HUD"), United States Department of the Treasury ("Treasury"), and NationalLink, LP ("NationalLink"). (Doc. No. 1, Notice of Removal ["Notice"] ¶¶ 1–2.)

Plaintiffs asserted an alleged violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, *et seq.*, plus several state law claims. (*Id.* ¶ 12.)

PNC, Williams, and NationalLink were eventually served and they filed their answers. (*Id.* ¶¶ 3–5.) HUD and Treasury never filed an answer or appeared and, based on the state court docket, may not have been properly served. (*Id.* ¶ 6.) On June 11, 2019, plaintiffs voluntarily dismissed

NationalLink, and on August 18, 2019, they voluntarily dismissed HUD and Treasury. (*Id.* ¶¶ 7–8.)

Defendants assert that, "[p]rior to the voluntary dismissal of HUD and [Treasury], PNC and Williams were unable to obtain the consent of those [d]efendants as required by 28 U.S.C. § 1441(b)(2)(A) [sic] in order to remove the case because those entities had not yet entered an appearance and PNC was unable to communicate with those parties about whether they would consent to removal." (*Id.* ¶ 11; *see also* ¶ 15 ("[i]n order for PNC or Williams to have removed the case, they were required to obtain the consent of all other [d]efendants[]").) Defendants further assert that the notice of removal was timely filed "within thirty (30) days of the case becoming eligible for removal as a result of [p]laintiffs' voluntary dismissal of HUD and [Treasury]." (*Id.* ¶ 14; *see also* ¶ 16 (dismissal of HUD and Treasury "makes the case eligible for removal").) Defendants claim that this Court has federal question jurisdiction because of the TILA claim raised by plaintiffs, in addition to supplemental jurisdiction over the various state law claims. (*Id.* ¶¶ 17–18.)

Plaintiffs have moved for remand, arguing that removal was not timely, that there is no diversity jurisdiction, and that the Court should not exercise supplemental jurisdiction. The Court need address only the first of these arguments, which is dispositive.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("district courts may not exercise jurisdiction absent a statutory basis"). Further, "removal statutes are to be strictly construed, and 'all doubts

should be resolved against removal.'" *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) and citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)). "This is because removal jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991).

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question jurisdiction). A case arising under this provision is removable without regard to the citizenship of the parties. Federal courts also have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

"[W]hether a case . . . is removable or not . . . is to be determined by the allegations of the complaint or petition[.]" *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713 (1918); *see also Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) ("As a general rule, removability is determined by the pleadings filed by the plaintiff."). Here, plaintiffs' original complaint, which appears never to have been amended, alleged a violation of TILA—conferring federal question jurisdiction and rendering the case removable from its inception.

3

When a case is removable, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).[1] It is not entirely clear when PNC and Williams were served with the summons and complaint. The state court docket recorded service by certified mail on both of them on March 13, 2019. (Doc. No. 1-1 at 9.[2]) The notice of removal reveals no service date for PNC, but indicates that it filed an answer on April 16, 2019, suggesting that service may have occurred in March. (Notice ¶ 3.) The notice of removal claims that Williams was served on July 31, 2019. (*Id.* ¶ 5.) In any event, their joint removal filed on September 4, 2019 was outside any possible 30-day period following service.

Defendants argue that the removal was nonetheless timely because, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).[3] HUD and Treasury had not consented and, in defendants' view, that precluded removal—that is, made the case *non*-removable—until those two defendants were voluntarily dismissed on August 18, 2019.

---

[1] There are policy considerations behind the 30-day rule:

> The thirty day limitation mandated by [§] 1446(b) has a dual purpose. On the one hand it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking ... On the second hand, the statutory requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.

*Brown v. N.J. Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 950 (M.D. Tenn. 2004) (quoting *Nasco, Inc. v. Norsworthy*, 785 F. Supp. 707, 710 (M.D. Tenn. 1992) (citing *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982))).

[2] All page citations are to the page identification number assigned by the Court's electronic docketing system.

[3] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C) (the "last-served defendant" rule).

In making this argument, defendants rely upon 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants claim that the procedural barrier of lack of consent by all defendants properly joined and served made the case non-removable. Defendants are misreading the requirements of the removal statutes.

Under the statutes, removal of a case is based on the existence of jurisdiction and the timing of the removal depends on when such jurisdiction "may first be ascertained[.]" § 1446(b)(3). Here, there was federal question jurisdiction from the outset due to the TILA claim; therefore, the case was removable from the outset. *Pittman v. Quest Diagnostics, Inc.*, No. ELH-15-3093, 2016 WL 540673, at *7 (D. Md. Feb. 11, 2016) ("[w]hen . . . a complaint filed in state court includes a federal question, defendants can first 'ascertain' federal jurisdiction at that point[]").

If the statutory, procedural requirement of consent by all defendants cannot be satisfied, that does not affect the *removability* of the case, although it will, indeed, make removal impossible. *Id.* ("Procedural requirements . . . impact the outcome of removal based on any ground. But, these requirements do not determine whether a basis for federal jurisdiction exists in the first instance.") *See also Rexford Pico, LLC v. Ocean Park Hotels MMHI, LLC*, No. LA CV11-08947 JAK (SHx), 2012 WL 12507596, at *3 (C.D. Cal. Feb. 2, 2012) ("[t]he 30-day clock begins to run when 'it may first be ascertained that *the case*' is removable") (emphasis in original)); *Richardson v. Halcyon Real Estate Servs., LLC*, No. 2:18-CV-2389-RMG, 2018 WL 4629245, at *1 (D. S.C. Sept. 27, 2018) (in a case alleging a claim under the federal Fair Debt Collection Practices Act, dismissal of non-consenting co-defendant "does not now make the action removable for the first

5

time") (citing *Pittman*, *supra*); *Nagarajan v. Ostruskza*, No. 5:12-CV-00091-TBR, 2012 WL 5077691, at *3 (W.D. Ky. Oct. 18, 2012) (inability to obtain the consent of all defendants does not excuse § 1446's thirty-day requirement).

Plaintiffs are entitled to remand because defendants' attempt at removal was procedurally defective due to untimeliness.[4] "The strict time requirement for removal in civil cases [although not jurisdictional] . . . 'is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.'" *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (quoting *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)) (further citations omitted).[5] Plaintiffs' motion to remand is evidence of lack of any waiver.

### III. CONCLUSION

For the reasons set forth herein, plaintiffs' motion to remand (Doc. No. 5) is granted.

**IT IS SO ORDERED**.

Dated: January 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] As a result, the Court need not address the other arguments raised by plaintiffs in their motion to remand.

[5] In the conclusion to their motion, plaintiffs also seek an order directing the defendants and their attorneys "to pay all the Covel's [sic] costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action." (Mot. at 216.) This request is unsupported by argument or authority. Therefore, the Court declines to address it and, to the extent the request is perceived as a separate motion, it is denied.